**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**


FILED
CLERK, U.S. DISTRICT COURT
FEB 27, 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Sanford Stock,

    Plaintiff,

v.

Longs Drug Stores California, LLC, et al.,

    Defendant.

2:18-cv-09889-VAP-SSx

**Order DENYING Plaintiff's Motion to Remand (Doc. No. 13)**

Before the Court is a Motion to Remand filed by Plaintiff Sanford Stock. (Doc. No. 13, "Motion"). The Court deems the Application for Default Judgment suitable for resolution without oral argument pursuant to Local Rule 7-15. After considering all papers filed in support of, and in opposition to, the Motion, the Court DENIES the Motion.

## I. BACKGROUND

Plaintiff filed his state court complaint on October 10, 2018, against Defendant Longs Drug Stores California, LLC ("Defendant"), erroneously named as CVS Pharmacy, Inc. (Doc. No. 1-1, at 4; *see* Doc. No. 1, at 1). Plaintiff is a resident of Ventura County, California. (Doc. No. 1-1, ¶ 4). Defendant is a limited liability company whose sole member, Longs Drugs Stores, LLC, has as its sole member CVS Pharmacy, Inc., a Rhode Island corporation. (Doc. No. 1, ¶ 10; Doc. No. 1-2, ¶ 2-4). On November 26,

1  2018, Defendant removed the case to this Court on the grounds of diversity
2  jurisdiction.  (Doc. No. 1, at 1, 3).  Plaintiff now moves to remand, claiming
3  that Defendant is organized under the laws of California and does business
4  in California therefore defeating diversity jurisdiction.  (Doc. No. 13).

## II.     LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Federal courts have subject matter jurisdiction through "diversity" jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and each plaintiff is diverse from each defendant.  28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

## III.     DISCUSSION

In determining Defendant's citizenship for diversity jurisdiction, Plaintiff cites to the standard for determining the citizenship of corporations: 28 U.S.C. § 1332(c)(1) and *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  (Doc. No. 15, at 2).  Plaintiff argues that Defendant is organized under the laws of the state of California and does business in California and accordingly is a California entity.  (*Id.* at 2-3).  On that basis, Plaintiff argues that there is no diversity of citizenship because Plaintiff is also a citizen of California.  (*Id.* at 3).

Limited liability companies, however, are evaluated under a different standard than corporations.  A limited liability company "is a citizen of every

state of which its owners/ members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). Plaintiff relies on the location of Defendant's business, but the Supreme Court has held that the standard does "not regard as relevant to subject-matter jurisdiction the locations at which partnerships conduct business." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 n.1 (2005). Here, Defendant is a limited liability company whose sole member has as its sole member a Rhode Island corporation. (Doc. No. 1, ¶ 10; Doc. No. 1-2, ¶ 2-4). Accordingly, because Plaintiff is a citizen of California and Defendant is, for diversity purposes, a citizen of Rhode Island, there is diversity of citizenship and remand is inappropriate.

## IV. CONCLUSION

The Court therefore DENIES Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: 2/27/19

Virginia A. Phillips
Chief United States District Judge